RECEIVED
APR 0 6 2020
PETER A. MOORE JR. CLERK
US DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF NORTH CAROLINA

## SOUTHERN DIVISION

Lewis E Alexander Jr.

Plaintiff ProSe

V

Complaint No 7:20-cv-66-BO

AMERICANS WITH DISABILITIES ACT
TITTLE II DISCRIMINATION

State of North Carolina
Judicial Standards Commission

OBSTRUCTION OF JUSTICE and
CONSTRUCTIVE FRAUD
IN VIOLATION OF NCGS 14-112.2
IN connection to Complaint 7: 19-cu237-FL

Brunswick County North Carolina
District Judge C Ashley Gore
Magistrate Douglas Ruttland
Arbitrator Bonaparte Barefoot

Brunswick County Sheriffs Dept.
John Ingram Sheriff

Governor Roy Cooper.

NC Department of Insurance
Fire Marshalls Division /

Brunswick County Building Inspections

Defendants

PLAINTIFF resides at;
6606 Ocean Hwy West
Ocean Isle Beach NC 28469

Mailing Address
PO box 6791
Ocean Isle Beach NC 28469

DEFENDANTS LOCATIONS

Judicial Standards Commission
1 West Morgan Street
Raleigh, NC 27602

Judge C Ashley Gore
Magistrate Douglas Ruttland
Arbitrator Bonaparte Barefoot.
Brunswick County Courthouse
310 Government Center Drive
Bolivia NC 28422.

Governor Roy Cooper
1 East Edenton Street
Raleigh NC 27601

NC Dept of Insurance
325 N Salisbury Street
Raleigh NC 27603

Brunswick County Building Inspections
75 Courthouse Drive .NE
Bolivia NC 28422

Brunswick County Sheriff's Department
70 Stamp Act Dr. NE
Bolivia NC 28422

JURISDITION IN THIS COURT is based on the acts of discrimination arising in

Brunswick North Carolina, and within the Southern Division of the Eastern District of

North Carolina, Tittle II of the Americans With Disabilities Act allows Private suits

under 35.178, and also 42 USC 1983 .

Whereas the Plaintiff Lewis E Alexander Jr is disabled and has

been receiving disability benefits since 2011 and therefore qualified to seek remedy by due process of all Federal courts and entitled by law to all protections of the Americans with Disabilities Act. The Defendants are all employees of the State of North Carolina and dully elected or appointed to positions therein, and bound by Federal Law to comply with all aspects of Tittle II of the Americans with Disabilities Act.

This Court of Law is the proper venue to correct procedures in North Carolina Law whereas there are conflicts in North Carolina Law that allow for the Exploitation of the Disabled in violation of NCGS 14-112.2 , The North Carolina Disabled Persons Protection Act, and Landlord vs Tennant laws, in regards to prohibited coercion and retaliation toward the disabled . There seems to be a lack of State Guidelines for lower courts and a confusion among law enforcement officers regarding the matter of financial retaliation as a criminal act vs a civil issue, and a discrimination factor based on degree of disability vs, mental incompetence, in protections under NCGS 14-112.2. The North Carolina Department of Insurance Commission also has a lack of clear procedures within its jurisdiction. The Governor also has a tool granted by a Federal Court decision that he has refused to use in order to reasonably accommodate the disabled to prevent all of these situations from arising by legally circumventing the legislature on behalf of the disabled. The Judicial Standards Commission was asked to review and investigate so as to correct procedures as a matter of public safety and has refused .

Therefore the Plaintiff comes before this court seeking remedy for constitutional rights and recovery of property illegally disposed by fraudulent and retaliatory sale. Portions of that property were protected under US copyright laws and protections therein disregarded by the Brunswick County District Court.

## ACTS OF DISCRIMINATION AND FRAUD IN THIS CASE CONCERN

Americans with Disabilities Act Tittle II 33.134,

Americans with Disabilities Act Tittle II 35. 150 (7) and (8)

Obstruction of Justice 18 US Code 1505 , 1511, 1512(b)(c)(d), 1513(b)(1)(2)

Title 18,USC 241, 242, 249

Constructive Fraud under NCGS 14-112.2 Exploitation of the Disabled and Elderly

This complaint is in conjunction with a previous Complaint No. 7: 19 cu 237 FL
Please refer to that case as it overlaps in that this filing is in Complaint of Discrimination and Fraud and shares mutual evidence, entanglements and complications from and within the State of North Carolina and those working under the color of State Law .

There is evidence presented that is overlapping and pertinent to both cases and a nexus will be established showing the absolute disregard for the Doctrine of Preemption within the Supremacy Clause within Article VI of the US Constitution resulting violation of the Plaintiff's civil rights and loss of property.

WHEREAS
1. Plaintiff Alexander filed a small claim on October 3rd,2018 against the Defendant Ample Storage for reimbursement of payments of seven moths rent on unit 705, a

large 15 foot wide by 40 foot long commercial workshop warehouse with a 15 foot high roll up door that malfunctioned due to lack of maintenance by the landlord and destroyed by management of the facility , rendering it non compliant ith commercial building code and the Americans with Disabilities act standards for architecture , The landlord failed to apply for a permit for the architectural changes. The award was less than one months rent when the unit was unusable for any work activities for seven months.

The court proceedings where held at Brunswick County Courthouse on October 3rd,2018, with Magistrate Douglas Ruttland presiding, The Plaintiff won but nothing was put in place by the Magistrate to stop the retaliation of the Defendant, nor was there any mandate for an investigation for the Defendants violation of NCGS 14-112.2 . The Defendants used as a defense that the Plaintiff did not allow them to repair the door , and that is partially true, as the Plaintiff was required to vacate the first 20 feet of the unit to facilitate the repair. The Plaintiff agreed to vacate that fist 20 ft upon conditions that the Defendants pay someone else to move that property stored and to create a plan of action to be presented as an agreement, disclosing the movers, bonded and insured, date of action, and duration of action. No plan was ever submitted in writing to the Plaintiff, as required as a reasonable accommodation. Please keep in mind that the door is an illegal entry and exit at this point and that there is a certain liability of safety and protection of the value of the property stored such as mahogany lumber and stained glass. Plus the Defendants never applied for a building permit. NCGS requires a tenant to pay rent regardless of the condition of the property but can sue

for recovery of rent if the landlord is negligent to make repairs. The landlords only defense is viable if the renter has withheld rent. This law is in conflict with NCGS 14-112.2 Exploitation of the Disabled and Elderly. It does not address the issue of rent Vs, reasonable accommodations and the Supremacy of the American with Disabilities Act

2. The Plaintiff was gate locked from the Ample Storage facility on November 9th, 2018 in retaliation and an appeal was filed in district court to stop the retaliation toward the Disabled Plaintiff, even though the rent was refused by the management when the Plaintiff attempted to make payment by offering a debit card on November 7th 2018.

The Plaintiff can produce a video of the conversation between the Plaintiff and the District Manager and her refusal to accept the rent money and her threat of lockout in retaliation.

\Another Violation of NCGS 14-112,2. Can be exemplified upon examination of the rental agreement.

Plaintiff actually is recorded as paying a month ahead and the Defendant has a policy of giving other renters the first month free and the renter just pays the administration fee. The Ample Storage Management discriminated toward the Plaintiff by collection of both the Administration fee and the first month at the onset of the rental, July 9th, 2016, and became fraudulent by the action of lockout. The Plaintiff was never late or delinquent on rental payments from July 9th, 2016.

Page 6

Case 7:20-cv-00066-FL   Document 6   Filed 06/11/20   Page 6 of 11

The rent was $290.00 a month . Also keep in mind that a Major Hurricane Florence had affected this part of the North Carolina coast previous to the lock out and all of the Plaintiffs property was in jeopardy of destruction due to the unsecure condition of the door during the hurricane. Therefore the plaintiff was due one month rent at the time of the lockout by the Defendant in this hearing,.

3. Due to the lockout, the Plaintiff called the Brunswick County Sherrif's Department to file a complaint for NCGS 14-112.2 and the report was taken by a patrol deputy. Plaintiff went to the actual Investigations Office to follow up on the report and no actions were taken and was told by the Captain that no actions would be taken as the matter was a "civil issue" and was told to leave the premises immediately when the Plaintiff mentioned Civil Rights Violation toward the Disabled.

4 Plaintiff simultaneously filed an appeal of the October 24th 2018 decision of the Magistrate to District Court for and arbitration hearing to seek a stop to the retaliation. Arbitrator Bonapate Barefoot determined that the Plaintiff was not responsible for the door destruction and awarded and extra amount of money but still nothing to stop the retaliation on January 24th , 2019, Plaintiff was still locked out and from his property .

5 Plaintiff Alexander immediately filed another small claims case in Brunswick County Court for the Recovery of Property.

The case was dismissed by the same Magistrate Douglas Ruttland as soon as the Plaintiff mentioned that the actions of the Defendant were retaliatory in violation of Federal Law and a violation of NCGS 14-112.2

6 Plaintiff proceeded to file an appeal of that case to Brunswick County District Court, and received numerous threats of a counter suit from that Defendants Attorney, as he sent the Plaintiff numerous emails trying to intimidate and offer unsubstantial funds to try to persuade the Plaintiff to move his own property to another location through an Illegal door The "hatch" door was not at all a reasonable accommodation for a person with mobility issues. The same Attorney also presented only the Plaintiff's replies to his emails as evidence to Judge C Ashley Gore, but without the emails that provoked the Plaintiff's responses. The Attorney's actions were an act of endeavoring in violation of NCGS 14-112.2 to have presented just one side of the conversation and therefore a fraud . The Plaintiff's emails were an allowable protest under Tittle II of the ADA and were used to deliberately prejudice the Judge's decision. Plaintiff does admit that he threatened a report to the North Carolina Bar Association in those emails of reply.

7 On the morning of the Hearing before Judge Gore, the Defendants attorney was allowed to proceed first before the Plaintiff could present his case, and voiced an objection as it was an act of endeavoring on the part of the Defendant. That objection sat sat on the table and the ruling on it was not clear, as the Plaintiff explained that he is disabled and protected by the ADA Title III and NCGS 14-112.2. and that this is solely a criminal action on the part of the Defendant and that they were not acting in good faith to resolve the issues, plus this action of a counter suit should be dismissed as retaliatory under Title III of the ADA and as a violation of NCGS 14-112.2 Exploitation of the Disabled and Elderly. Judge Gore asked for the emails and called a recess and took them To her chambers to read. When she came back to the court after the recess she said she

Would have to wait for a ruling. The Plaintiff plead with her to please keep in Accordance with Title II and Title III of the Americans with Disabilities Act in this case.

8 In February of 2019 the Plaintiff alerted the Brunswick County Building Inspectors about the door problem, and they referes the Plaintiff Alexander to Laural Wright of the State Fire Marshalls Office , as she is the "go to " person for ADA compliance in determination of Architectural Issues of ADA compliance for the Building Inspections divisions for all the Counties and Munincipalities for the State ,

The Plaintiff received a phone call from Her and apprised her of the Defendants Actions. The Plaintiff also emailed her a photo of the entry door in question. Fire Marshall Wright confirmed that the created hatch door in a roll up door was illegal as a code violation, unpermitted, and non-compliant with ADA standards.

Fire Marshall Wright did apologize for not having jurisdiction to take criminal actions in regards to the actions of the Defendants and referred the matter back to the Brunswick County Building Inspections Division and said that she would contact them.

As of February of 2020 no actions have been taken on the part of the Brunswick County Building Inspections . Plaintiff Alexander Contacted them in February 2020 to see if there was ever a permit applied for or issued for the repair of that door, It has been repaired and replaced by a contractor without the knowledge and approval of the Inspections Department.

8 The fact that the Defendant had not acted in good faith to obtain permits was brought during the Hearing in front of Judge Gore, and was apparently ignored by her,

Judge Gore did not have the Jurisdiction to rule on a verdict on any matter regarding the rights of the disabled and proscribed in the North Carolina Disabled Persons Protection Act, that right is reserved to the Superior Court.

Judge Gore also had no right to procure evidence of criminal intent by requesting the emails, as according to statutes those emails had to be procured and processed as evidence by law enforcement.

Judge Gore has only on right in this case and that was to mandate a criminal investigation on behalf of the Disabled Plaintiff, create a protective order to secure all evidence, and a protective order to stop all retaliation from the Defendant

Judge Gores decisions and actions were an act of Conspiracy in concert with the Defendant Storage Properties Inc. and their Attorney by rendering a decision in favor of the Defendant and Attorney Michael A, Frazier. Judge Gore's decision allowed a tampering and destruction of evidence plus an unlawful sale of the Plaintiff's property. A major portion of that property was tools, materials and musical equipment that thePlaintiff can no longer use to reasonably accommodate himself. The Actions of Judge Gore defeats the entire purpose of the North Carolina Disabled Persons Protection Act.

Seemingly the State of North Carolina is not training the Courts or Law Enforcement on proper procedures and the full effects of the Americans With Disabilities Act. Nor are training all State personnel in responding to the needs of the disabled crime victims. When you confront State personnel they all declare they have no jurisdiction in the matter.

For the sake of the public safety for all disabled citizens of the State of North Carolina,

as the Plaintiff, comes before this court to seek a mandate for the protection of the disabled.

9 A letter requesting reasonable accommodations for all Disabled persons of North Carolina was sent to Governor Roy Cooper, one in 2016, another in 2017, and another on March ,2020. By certified mail. HE,His Office, nor staff has ever responded. A copy of this letter has been included as evidence for this complaint.

10 A report to the North Carolina Judicial Standards commission was filed and they refused three times to investigate by citing lack of jurisdiction.

---

WHEREAS the Disabled Plaintiff Lewis E Alexander has been the subject of retaliation, and allowed by the State by persons operating under the color of State law, the Plaintiff seeks the following relief.

To be awarded the sum of Two Hundred and Fifty Million Dollars and mandated recovery of all property associated with copyrights and designs, and identity and to receive a mandated order of protection from further retaliation.

---

I hereby certify that the forgoing is true and correct, this 6 day of March, 2020

Lewis E Alexander

April 6, 2020

910-393-7640